UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTELA M. TEJADA,

                              Plaintiff

- against -

THE UNITED STATES OF AMERICA,

                              Defendant.

------------------------------------------------------------------X

**VERIFIED COMPLAINT WITH JURY DEMAND**

Case No.:

Hon.:

      Plaintiff, by her attorneys RAPHAELSON & LEVINE LAW FIRM PC., as and for plaintiff's Verified Complaint against the Defendant herein, respectfully alleges as follows:

## PARTIES

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the Defendant was and still is a duly organized government corporation, authorized and doing business under and by virtue of the laws of the United States of America and authorized to conduct business in the State of New York.

3. That at all times hereinafter mentioned, the Defendant was and is transacting business in the State of New York and more specifically within the Southern District of New York.

## JURISDICTION

4. This Court has subject matter jurisdiction over the claims asserted herein pursuant to The Federal Tort Claims Act (F.T.C.A) 28 U.S.C. § 1346 (b)(1), and 2671-2680 which

provides jurisdiction over certain tortious actions of the United States of America and its employees. Venue lies in the Southern District of New York, pursuant to Title 28 U.S.C., § 1391(a) and (b)(1).

5. A claim was timely presented to the office of the General Counsel of The United Sates Veterans Administration on January 25, 20221 by Certified mail return receipt.

6. Plaintiff exercised her due diligence efforts in seeking the status of claim.

7. On February 3, 2022, Plaintiff's counsel was informed that the FTCA claim was denied.

8. This complaint was filed within days thereafter.

9. Plaintiff has exhausted her Administration remedies pursuant to FTCA.

10. The value of the plaintiff's rights and injuries in question is in excess of Two Million Dollars ($2,000,000.00) Dollars, exclusive of interest and costs.

11. The plaintiff further invokes the jurisdiction of this Court pursuant to the supplemental jurisdiction provisions as set forth in Title 28, U.S.C. § 1367.

12. The plaintiff further requests that this Court exercise its discretion to invoke pendent jurisdiction over any and all state law claims deriving from or out of the common nucleus of the operative facts, transactions and occurrences which give rise to the federally-based claims and causes of actions as set forth in this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "12" of the complaint with the same force and effect as if fully set forth herein at length.

14. The plaintiff, **ESTELA M. TEJADA**, at all times herein mentioned was and still is a resident of the County of Bronx, City and State of New York.

15. At all times herein mentioned, **ESTELA M. TEJADA,** was lawfully upon Defendant's sidewalk.

16. At all times herein mentioned, the Defendant owned the sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

17. At all times herein mentioned, the Defendant leased sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

18. At all times herein mentioned, the Defendant was the lessee of sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

19. At all times herein mentioned, the Defendant was the lessor of sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

20. At all times herein mentioned, the Defendant operated the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick

Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

21. At all times herein mentioned, the Defendant maintained the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

22. At all times herein mentioned, the Defendant managed the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

23. At all times herein mentioned, the Defendant controlled the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

24. At all times herein mentioned, the Defendant constructed the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

25. At all times herein mentioned, the Defendant supervised the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

26. At all times herein mentioned, the Defendant repaired the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

27. At all times herein mentioned, the defendant inspected the aforesaid sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

28. At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to operate the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

29. At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to maintain the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

30. At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to manage the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick

Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

31. At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to control the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

32. At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to construct the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

33. At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to supervise the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

34. At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to repair the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

35.     At all times herein mentioned, the defendant contracted with the CITY OF NEW YORK for defendant to inspect the aforesaid sidewalk, including the area where plaintiff fell along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York.

36.     That on December 18, 2020, at approximately 10:00 a.m., while the plaintiff was lawfully traversing the western sidewalk along the west side of West Kingsbridge Road at/near its intersection with Sedgwick Ave, immediately adjacent to the James J. Peters Department of Veterans Affairs Medical Center, in the County of Bronx, City and State of New York, and more specifically, immediately adjacent to the Department of Veteran Affairs Medical Center sign, was caused to, and did, slip and fall due to a hazardous, dangerous, snowy, icy, slippery conditions, which was constituted a nuisance and/or a trap condition(s) upon, at or about the sidewalk at the location.

37.     The aforesaid occurrence was due solely by reason of the carelessness, recklessness and negligence of the defendants and defendants' agents, servants and/or employees in their ownership, operation, management, maintenance, leasing, repair, inspection, design, construction, supervision and control of the aforesaid premises, in permitting and allowing same to be, become and remain in a dangerous and hazardous condition in that an accumulation of a slippery substance of snow and ice existed thereat, resulting in the plaintiff falling; in failing to clear the snowy, icy condition; in failing to adequately clear the snowy, icy, slippery, condition; in failing to deploy and spread salt or sand; in making improper cleaning thereto; in permitting and allowing the

aforedescribed conditions to remain thereat for a long and/or unreasonable period of time, all to the notice and knowledge of the defendants; and in doing so, violating N.Y.C Administrative Code §§ 7-210 and 16-152; in acting with reckless disregard for the safety of others and more particularly the plaintiff herein; in failing to make the proper and necessary inspections thereat, so as to ascertain the dangerous, slippery and hazardous conditions which existed; in that defendants knew or should have known that said premises, in its aforedescribed condition, could and would, result in an occurrence similar to the one involved herein; in failing to give the plaintiff any warning of the dangers to be encountered; in causing and creating a dangerous condition; in undertaking a duty and failing to do so with reasonable safety so as to prevent danger to others; in failing to provide the plaintiff with a safe premises; in creating a trap and/or a nuisance; in failing to hire competent personnel to perform snow and ice removal; in failing to deploy sufficient personnel to engage in snow and ice removal; in failing to hire competent personnel and/or contractors to clear the snow and ice; in failing to deploy adequately and/or functional equipment to perform snow and/or ice removal; in failing to engage in snow and ice removal within a reasonable time after cessation of the weather even pursuant to NYC Administration Code §§ 7-210 and 16-152; in failing to place warnings and/or barricades about this dangerous and hazardous condition; in improperly maintaining the subject area; and in otherwise being careless, reckless and negligent.

38. Solely as a result of the defendant's negligence, carelessness and recklessness,

ESTELA TEJADA was caused to suffer severe and serious personal injuries to mind and body, and further, that ESTELA TEJADA was subjected to great physical pain and mental anguish.

39. By reason of the foregoing, ESTELA TEJADA was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and ESTELA TEJADA will be permanently caused to suffer pain, inconvenience and other effects of such injuries; ESTELA TEJADA incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and ESTELA TEJADA will be unable to pursue ESTELA TEJADA's usual duties with the same degree of efficiency as prior to this accident, all to ESTELA TEJADA's great damage.

40. That the aforesaid occurrence was due solely by reason of the negligence of the Defendant and through no fault or lack of care on the part of the plaintiff contributing thereto.

41. Written notice of the said dangerous, defective, and unsafe condition was actually given to the defendant, or to an agency authorized to receive such written notice on behalf of said defendant, by reason of previous accident or accidents resulting in injury to person or property as result of the existence of said dangerous, defective, and unsafe condition, with written notice thereof, and there was a failure and neglect after the giving of such notice to repair or remove the said dangerous, defective, and unsafe condition.

42. The defendant, its employees, agents and contractors, caused and created said dangerous, defective and unsafe condition and/or launched an instrument of harm, by making the sidewalk more dangerous than it otherwise would have been naturally.

43. The defendant had constructive notice of the condition, in that, the condition of the sidewalk existed for such a length of time that defendant should have known of its existence and should have taken steps to remedy and repair the condition.

44. That this action falls within one or more of the exemptions set forth in CPLR § 1602.

**WHEREFORE**, the plaintiff demands judgment against the defendant as follows:

(a) On the First Cause of Action on behalf of plaintiff **ESTELA TEJADA** in the sum of Two Million ($2,000,000.00) Dollars, and

(b) Together with such interest, costs and disbursements thereof appropriate to the action, and

(c) For such other and further relief as the Court may deem just and proper.

**RAPHAELSON & LEVINE LAW FIRM, P.C.**
*Attorneys for Plaintiff*

_____
STEVEN C. NOVEMBER, ESQ. (ID 3573)
Office & P.O. Address
14 Penn Plaza, Ste 1718
New York, New York 10122
(212) 268-3222

UNITED STATES DISTRICT COURT        Case Number:
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------------------

**ESTELA M. TEJADA,**

                 **Plaintiff,**

                                             **against**

**THE UNITED STATES OF AMERICA,**

                 **Defendant.**

-------------------------------------------------------------------------------------------------

## VERIFIED COMPLAINT AND JURY DEMAND

-------------------------------------------------------------------------------------------------

**RAPHAELSON & LEVINE LAW FIRM, P.C.**
Attorneys for Plaintiff
14 Penn Plaza, Ste 1718
New York, New York 10122
(212) 268-3222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ESTELA M. TEJADA,

                                           Plaintiff,

                              **JURY DEMAND**

     - against -

                              Case Number:

THE UNITED STATES OF AMERICA,

                              Hon.:

                                       Defendant.

-------------------------------------------------------------------------X

## JURY DEMAND

     Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury of any issue triable herein and further requests that this court enter upon its civil docket pursuant to Rule 79(a) of the Federal Rules of Civil Procedure, the plaintiff's demand for a jury trial.

Dated:  New York, New York
           February 9, 2022

                                        **RAPHAELSON & LEVINE LAW FIRM, P.C.**
                                        *Attorneys for Plaintiff*

                                        _____
                                        STEVEN C. NOVEMBER, ESQ. (ID 3573)
                                        14 Penn Plaza, Ste 1718
                                        New York, New York 10122
                                        T: (212) 268-3222